USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/20/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
NEMENCIO FRANCO,  :

                     Petitioner,  :     09 Civ. 8113 (RMB) (RLE)

     -against-  :     **DECISION & ORDER**

WILLIAM D. BROWN  :

                    Respondent.  :
------------------------------------------------------X

**I.   Background**

On or about September 23, 2009, Nemencio Franco ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") against William D. Brown, Superintendent of Eastern Correctional Facility ("Respondent"). Petitioner argues that his continued incarceration is unconstitutional because, in denying Petitioner's motion for re-sentencing pursuant to New York's Drug Law Reform Act ("DLRA"), ch. 738, § 23, 2004 N.Y. Sess. Laws 1474-75 (McKinney), Justice Edward J. McLaughlin of the New York State Supreme Court, New York County "misconstrued the DLRA and abused its discretion." (See Pet. at 1–2.)

On August 5, 2011, Magistrate Judge Ronald L. Ellis, to whom this matter had been referred, issued a thorough and thoughtful Report and Recommendation ("Report"), recommending that (1) the Petition be denied because Petitioner's claim is "substantively and procedurally unexhausted," and (2) the Petition would, in any event, be denied on its merits because the trial court's denial of Petitioner's re-sentencing motion "did not violate [] the federal Constitution or federal law." (Report, dated Aug. 5, 2011, at 7, 11.) The Report also directed that the parties had "ten (10) days after being served with a copy of the recommended disposition to file written objections." (Report at 11.)

On or about August 22, 2011, Petitioner submitted objections ("Objections") to the Report, which contain substantially the same arguments he made to Judge Ellis in support of his Petition.  Respondent did not respond to the Objections.

**For the reasons set forth below, the Court adopts the Report in its entirety.**

## II.    Standard of Review

The Court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

"An application for a writ of habeas corpus shall not be granted unless it appears that [petitioner] has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  Still, "an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the court of the State." 28 U.S.C. § 2254 (b)(2).  To get relief under 2254(d)(1), a petitioner must show that the state court's decision resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254 (d)(1); see also Williams v. Taylor, 529 U.S. 362, 367 (2000); Bierenbaum v. Graham, 607 F.3d 36, 54 (2d Cir. 2010).

Where a plaintiff is proceeding pro se, the court construes the plaintiff's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and "interpret[s] them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### III. Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted.

The Court has conducted a review of the Petition, Respondent's opposition, dated August 25, 2010, the Report, the Objections, and applicable legal authorities, and concludes that Judge Ellis correctly determined that Petitioner's claim is unexhausted and that Petitioner's claim is without merit. (See Report at 6–7, 11.) The Objections provide no basis for departing from the Report's recommendation that the Petition be denied.[1]

Judge Ellis properly concluded that Petitioner's claim is procedurally and substantively unexhausted finding that (i) "although [Petitioner] raised his claim to the highest court in the state, he never presented his arguments in federal constitutional terms"; and (ii) Petitioner "failed to assert any federal constitution rights and, instead, relied upon New York cases interpreting state law" which "did not employ federal or constitutional analysis in their decisions." (Report at 6–7); see also Estelle v. McGuire, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).

And, Judge Ellis properly concluded that, even assuming arguendo that Petitioner's claim was substantively and procedurally exhausted, Petitioner's claim fails on the merits. (See Report at 9–10.) The DRLA does "not automatically apply retroactively and the law does not call for automatic resentencing," but rather it "allows class A-I drug felons sentenced to an indeterminate term of at least fifteen years who had been convicted prior to the statute's enactment to apply for resentencing." (Report at 9–10; citing ch. 738, § 23, 2004 N.Y. Sess. Laws 1474-75

---

[1] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Any Objections not specifically addressed in this Order have been considered de novo and rejected.

(McKinney).) Judge Ellis found that the trial court's exercise of its discretion in denying Petitioner's motion for re-sentencing did not "violate[] the federal Constitution or federal laws." (Report at 11.)

## IV. Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made such a showing and a certificate of appealability is neither warranted nor appropriate in this case. See Lucidore v. N.Y.S. Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). Any appeal from this order would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

## V. Conclusion and Order

For the reasons stated herein and therein, Judge Ellis's Report is adopted in its entirety, and the Petition [#1] is denied. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
       January 20, 2012

*RMB*
RICHARD M. BERMAN, U.S.D.J.